GERALD P. FEDOROFF, Judge Pro Tern.
Plaintiffs chartered the vessel “Lady Carolyn” to defendant. When the vessel was returned to its owners, they had certain repairs performed. Plaintiffs filed this action,[1] seeking to recover the cost of these repairs. The District Court granted judgment for the cost of repairing a bent wheel and other hull damage at Tebo Shipyards in the amount of $675.60, plus $166.-66 for two days’ rental accruing while these repairs were performed. This aspect of the judgment is not in question. The trial judge disallowed a claim for engine repairs costing $5,918.24, and rental for the period of repair. Plaintiff appeals from the judgment insofar as this part of the claim was rejected.
The bareboat charter was for a period of six months from March 1, 1969 through August 31, 1969. On its return, one of the owners discovered water in the oil of both engines. The boat was brought to George Engine Company, where a “short overhaul” was performed, including the repair of a cracked cylinder head. Mr. Rowboth-am, shop foreman for George Engine Company, characterized the work as something more than routine maintenance, but nevertheless the result of normal wear and tear over a period of time.
The following, from Robinson in his Handbook of Admiralty Law in the United States (1939), page 608, was quoted with approval in Rojas v. Robin, 230 La. 1096, 90 So.2d 58 (1956):
“The charterer’s primary duty to the owner is to pay the hire for use of the ship. If she is demised this duty may go on despite the charterer’s inability to make use of her. The charterer has also the duty to care for her and to redeliver her at the expiry of the charter period. * * * The obligation of the demise charterer to return the ship in good order at the end of the lease is, of course, excused if disaster overtakes the vessel through some fault of the owner. If the fault of the charterer himself has brought about the loss, the liability rests on him. Merely as a demise charterer, however, he is not an insurer of the vessel’s safety. As Judge Ward put it in The Moran No. 10, D.C.N.Y. 1924, 41 F.2d 255, at page 256: ‘The law of the subject is well settled. The charterer is liable for any damage to the boat resulting from his own negligence or the negligence of any one to whom he entrusts her. The burden of proving negligence is upon the owner, but he makes out a prima facie case if he can go no further than to show that the boat was damaged during the charter period and then the burden of explanation, or, as it is sometimes said, of carrying on, lies upon the charterer. In the absence of exculpatory evidence, a presumption of negligence arises against him. * * * This is the *304 established law as to the obligation of the bailee in bailments for hire.’ The questions arise chiefly in cases of informal or oral contract. * * *”
The contract here did not alter these general principles of law. Article XI of the charter party reads:
“The vessel upon such re-delivery shall be in the same good order and condition as when received by the Charterer, ordinary wear and tear excepted. . .”
 It is doubtful that the presumption of fault has application here, since the boat was not “damaged” in the usual sense, i.e., as having been in a collision or obviously abused. We need not resolve this issue herein, however, for the record affirmatively establishes by a preponderance of the evidence, that the cracked cylinder head was an ultimate result of normal wear and tear. The fact that an engine requires repair while in the possession of a charterer does not by itself impose responsibility for the repair on him.
The judgment is affirmed. Costs of appeal are taxed to appellant.
Affirmed.

. The suit is on a maritime contract and is based substantively in admiralty, the state court having concurrent procedural jurisdiction under the savings to suitors clause. 28 U.S.C. 1333, Rojas v. Robin, 230 La. 1096, 90 So.2d 58 (1956).